UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAMMY SCHOENLE,<br><br>        Plaintiff,<br><br>v.<br><br>GSL PROPERTIES, INC.,<br><br>        Defendant. | 2:10-CV-2187 JCM (GWF) |

**ORDER**

Presently before the court is defendant GSL Properties, Inc.'s ("GSL") motion to dismiss. (Doc. #6). Plaintiff Tammy Schoenle filed a response to defendant's motion to dismiss the complaint and a countermotion for leave to file first amended complaint (doc. #8). Attached to the counter motion is plaintiff's first amended complaint. (Doc. #8-3). The defendant has responded with an opposition to plaintiff's countermotion (doc. #13), as well as a reply in support of its motion to dismiss (doc. #12).

Plaintiff's original complaint stems from the alleged harassment and discrimination she suffered as a result of a rumor accusing her of having intimate relations with other co-workers on the job (doc. #1). Plaintiff Schoenle claims her position at GSL was eliminated on January 19, 2010, because of her gender. Furthermore, in retaliation for complaining about her discriminatory treatment, she was allegedly forced to work in unsafe conditions (doc. #1).

Prior to initiating the suit, plaintiff filed a charge with the Equal Employment Opportunity

**James C. Mahan**
**U.S. District Judge**

Commission ("EEOC") on January 29, 2010, identifying "retaliation" as the sole basis for the charge of discrimination (doc. #12). In September of 2010, the EEOC sent plaintiff a dismissal and right to sue based on its finding that the commission was unable to determine any violation of the statute (doc. #12). Plaintiff, in addition to raising her retaliation charge, also raises other related charges against the defendant, in her complaint (doc. #1).

When an employee seeks judicial relief for incidents not listed in her original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination "like or reasonably related to" the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC. *Oubichon v. North Am. Rockwell Corp.*, 482 F.2d 569 (9th Cir. 1973). Thus, the court has subject matter jurisdiction over all of the plaintiff's related claims.

Plaintiff's amended complaint alleges (1) gender discrimination, (2) harassment or hostile work environment, (3) retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a), (4) wrongful termination, and (5) intentional infliction of emotional distress pursuant to Nevada state law (doc. #8-3). Defendant moves to dismiss claims (1), (2), (4), and (5). (Doc. #12).

**I.     Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

In the present motion to dismiss (doc. #12), defendant asks the court to dismiss all of the plaintiff's claims except the claim for retaliation.

**A.     Sexual Harassment, Title VII**

Plaintiff's first claim for relief for sexual harassment, intended to be titled "gender

discrimination," alleges that the defendant discriminated against her on the basis of gender for filing a complaint against her manager with human resources, in violation of Title VII (doc. #8-3).

Specifically, plaintiff alleges that upon filing the "rumor" complaint with human resources, she was cautioned that she was "opening a can of worms" and to never use the word "harassment" when making a complaint (doc. #8-3). Furthermore, the defendant allegedly retaliated by forcing her to work in unsafe conditions, and to clean apartments in the dark with no electricity in the assigned units (doc. #8-3). Plaintiff contends that the other male employees were not subjected to such working conditions, and that she was offered no alternative position (doc. #8-3). The defendant urges the court to dismiss the claim with prejudice, arguing that Title VII does not support a claim of relief against the defendant (doc. #12).

There are four essential elements that the plaintiff must establish to set forth a prima facie claim for disparate treatment based on gender discrimination. Namely, plaintiff must show that (1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) similarly situated individuals not in her protected class were treated more favorably than she. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998).

Here, the court agrees with the defendant that the plaintiff has not set forth a sufficient claim for relief consistent with *Twombly*, nor does her complaint establish a prima facie claim for disparate treatment. Moreover, plaintiff's allegations of being treated differently as a result of reporting the rumor is a "retaliation" claim, not a claim for gender discrimination. Therefore, such allegations are subsumed in her retaliation claim and do not support a claim for gender discrimination.

Furthermore, even assuming that this is a gender discrimination claim and not a retaliation claim, plaintiff still fails. Plaintiff has not shown how the alleged mistreatment is plausibly connected with her gender. In her response to defendant's motion to dismiss and countermotion to amend (doc. #8-1; 8-2), the plaintiff even conceded that another male co-worker, Mr. Drabe, was also subjected to similar mistreatment subsequent to his filing a complaint with human resources. Thus, the plaintiff has failed to show how similarly situated individuals not in her protected class

were treated more favorably than she. Therefore, the court dismisses the plaintiff's first claim.

### B.     Sexual Harassment; Hostile Work Environment

Plaintiff's second claim for relief alleges that the defendant sexually harassed her, and in doing so, created an abusive and hostile working environment. An employee of the defendant allegedly spread rumors to tenants and third parties that plaintiff was a "sleezy female" because she engaged in intimate relations inside the apartments with male co-workers (doc. #8-3). Consequently, she alleges that she was forced to work in "unsafe conditions." (Doc. #8-3).

"Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The victim has to subjectively perceive the environment to be abusive and a Title VII claim is actionable even if the victim or employee's psychological well-being is not seriously affected. *Id.* at 21-22. Still, the conduct must be "extreme" to amount to a "change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

To assert a prima facie case of hostile work environment, a plaintiff must show that "(1) she was subjected to verbal or physical conduct of a sexual nature, (2) this conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055 (9th Cir. 2007) (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995).

Further, to prevail on a hostile work environment claim, a plaintiff must show a "pattern of ongoing and persistent harassment" severe enough to alter the conditions of employment. *Nichols v. Azteca Restaurant Enter. Inc.*, 256 F.3d 864, 871 (9th Cir. 2001) (citing *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 (9th Cir. 1998)). In *Nichols*, the plaintiff was subjected to severe abuse consisting of a "relentless campaign of insults, name-calling, and vulgarities" throughout the plaintiff's nearly four-year term of employment. *Id.* at 870. Additionally, in *Draper*, the plaintiff was subjected to offensive comments and discriminatory treatment by a supervisor for a period of several years, and her complaints to management fell on deaf ears. *Draper*, 147 F.3d at

**James C. Mahan**
**U.S. District Judge**

- 4 -

1106-1107.

Here, the actions supporting plaintiff's sexual harassment and/or hostile work environment claim were not as severe or ongoing as in *Nichols* and *Draper*. The alleged "rumor," as a matter of law, is not so "severe or pervasive" as to alter conditions of the plaintiff's employment. As the Supreme Court has noted, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001). Thus the plaintiff's second claim is dismissed.

### C. Wrongful Termination

Plaintiff's fourth claim for relief alleges that the defendant terminated plaintiff's employment because it was "easier" for the defendant to terminate plaintiff's employment rather than "comply with its legal obligations" (doc. # 8-3), and not because the company was eliminating plaintiff's position due to structural changes. Specifically, she alleges that her discharge was in direct contravention to Nevada's public policy because the termination occurred after filing the complaint with human resources. (Doc. #8-3).

The essence of a tortious discharge is a wrongful, usually retaliatory, interruption of employment by means which are contrary to the public policy of Nevada. *D'Angelo v. Gardner*, 819 P.2d 206, 216 (Nev. 1991) (holding that it is violative of public policy for an employer to dismiss an employee for refusing to work under conditions unreasonably dangerous to the employee). In *D'Angelo*, the employer violated the public policy of Nevada when it dismissed the plaintiff who refused to work with cyanide because he had a healing wound in his lower abdomen and could not be exposed to the chemical. *D'Angelo*, 819 P.2d at 214.

Here, unlike the employee in *D'Angelo*, the plaintiff was not dismissed because she refused to work in allegedly unsafe conditions. Instead, she alleges that she "was forced to work" in these unsafe conditions only after reporting the rumor. However, she does not allege any non-consent (doc. #8-3). As in her first claim, these allegations are subsumed under the plaintiff's "retaliation" claim and do not provide a basis for her wrongful termination claim. Furthermore, even assuming

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  that this is a proper wrongful termination claim, plaintiff again fails. Her conclusory allegation – the
2  defendant fired me because it was "easier"– is insufficient under the plausibility *Twombly/Iqbal*
3  standards. *See Bell Atlantic*, 550 U.S. at 570. Therefore, the court dismisses the plaintiff's wrongful
4  termination claim.

        **D.**      **Intentional Infliction of Emotional Distress**

6        Plaintiff's fifth claim alleging intentional infliction of emotional distress is dismissed for
7  failure to state a claim. To state a sufficient claim for intentional infliction of emotional distress, the
8  plaintiff must allege facts showing extreme and outrageous conduct. *Star v. Rabello*, 625 P.2d 90,
9  91-92 (Nev. 1981). "Extreme and outrageous conduct" is that which is "outside all possible bounds
10 of decency" and is regarded as "utterly intolerable" in a civilized community. *Maduike v. Agency*
11 *Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (citations omitted).

12       Here, plaintiff's claim of intentional infliction of emotional distress arising out of the alleged
13 rumor fails as a matter of law. This conduct does not rise to the level of "extreme or outrageous,"
14 nor does the complaint itself state with particularity the circumstances surrounding the alleged
15 "extreme or outrageous" nature of the conduct. *See De Los Reyes v. Southwest Gas Corp.*, 319 F.
16 App'x. 639, 641 (9th Cir. 2009) (upholding the district court's decision to dismiss the plaintiff's
17 state law tort claim of intentional infliction of emotional distress which consisted merely of
18 recitations of legal elements and conclusory statements). These allegations do not give the defendant
19 notice of "the grounds upon which [the claim] rests." *Id.* (citing *Bell Atlantic*, 550 U.S. at 555).
20 Therefore, the court dismisses plaintiff's claim for intentional infliction of emotional distress.

21 **II.**      **Motion to Amend**

22       Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given
23 when justice so requires." The local rules of federal practice in the District of Nevada qualify this
24 rule, and require that a plaintiff submit a proposed amended complaint along with a motion to
25 amend. LR 15-1(a).

26       Plaintiff has complied with the local rules and has attached her proposed amended complaint
27 (doc. #8-3). However, Rule 15(a) permits amendments absent a showing of an "apparent reason"
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Here, in plaintiff's amended complaint, she merely purports to re-title her first claim of sexual harassment as "gender discrimination." However, as noted above, the re-titling does not cure plaintiff's original deficiency of failure to state a claim. Therefore, her motion to amend the complaint is futile, and is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Tammy Schoenle's motion to amend (doc. #8-3) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant GSL Properties, Inc.'s motion to dismiss (doc. #6) be, and the same hereby is, GRANTED, WITHOUT PREJUDICE.

DATED June 29, 2011.

_____
UNITED STATES DISTRICT JUDGE